IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

FELICIA CHRISTIAN, *individually
and as administratrix of the
estate of* JALIN TERRELL LAWSON,  *
and JULLIA ALEXANDRIA MORRIS,
                                                                        *

    Plaintiffs,
                                                                        *
vs.                                                                  CASE NO. 4:18-CV-147 (CDL)
                                                                        *
FORD MOTOR COMPANY, GOODYEAR
TIRE & RUBBER COMPANY, FARMER'S *
TIRE CENTER, LLC, and EDDIE
CHRISTIAN,                                            *

    Defendants.                                      *

## O R D E R

Plaintiffs originally brought this action in the Superior Court of Clay County, Georgia. Ford Motor Company removed it to this Court, contending that the only non-diverse Defendant, Eddie Christian, was fraudulently joined. Goodyear Tire & Rubber Company consented to removal. Plaintiffs now seek to remand the action back to the Superior Court, and Ford and Goodyear oppose remand. For the following reasons, the Court finds that complete diversity of citizenship is lacking, and therefore, this Court does not have subject matter jurisdiction over this action. Accordingly, Plaintiffs' motion to remand (ECF No. 9) is granted.

1

FACTUAL BACKGROUND

Plaintiffs allege the following facts in their Complaint. In 2017, Eddie Christian purchased tires for his 2001 Ford Explorer. Instead of purchasing four new tires, Eddie Christian purchased three new tires and had mechanics install his spare tire on the vehicle in place of a fourth. Although the car's spare tire looked new, it was older and should have been discarded. Later that year, Eddie Christian's grandson, Jalin Lawson, was driving the Ford Explorer when the spare tire's tread separated and caused a wreck. Lawson was killed and his passenger, Jullia Morris, was seriously injured.

Morris and Felicia Christian, Lawson's mother, filed this action in the Superior Court of Clay County, Georgia to recover damages stemming from the wreck. They brought claims against Ford Motor Company, Goodyear Tire & Rubber Company, Farmer's Tire Center, LLC, and Eddie Christian. Plaintiffs alleged that jurisdiction was not proper in federal court because Eddie Christian and both Plaintiffs were residents of Georgia, and, therefore, there was no complete diversity of citizenship.

Plaintiffs allege that Eddie Christian "negligently failed to independently research and become aware that the spare tire [on the Ford Explorer that he loaned to Lawson], while looking new, was in fact an older tire and was due to be discarded and not used." Compl. ¶ 49, ECF No. 1-1. On June 29, 2018, Ford received

2

a sworn interrogatory from Felicia Christian stating that Eddie Christian gave the Explorer to Lawson to drive. Ford claims that this was the first time it had reason to believe that Plaintiffs could not recover against Eddie Christian under their negligence theory because Eddie was a gratuitous bailor and, therefore, did not owe a duty to inspect his vehicle for defects.

Within thirty days of receiving the interrogatory, Ford removed this case to federal court on the basis of diversity jurisdiction, claiming that Eddie Christian had been fraudulently joined. Plaintiffs then filed the motion to remand.

## DISCUSSION

District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "If a case is removed to federal court based on diversity jurisdiction, the federal district court must remand the case back to state court if complete diversity between the parties does not exist." *Kimball v. Better Bus. Bureau of W. Fla.*, 613 F. App'x 821, 822 (11th Cir. 2015)(per curiam). Here, complete diversity does not exist because Eddie Christian is a non-diverse defendant. Therefore, remand is presumptively required. "However, if a defendant shows that 'there is no possibility the plaintiff can establish a cause of action against [a non-diverse] defendant,' then the plaintiff is

3

said to have fraudulently joined the non-diverse defendant." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007)(quoting *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)). "In that situation, the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Id*. Here, Ford and Goodyear argue that federal jurisdiction is proper because Eddie Christian, the only non-diverse defendant in the case, was fraudulently joined.

The burden of proving that a non-diverse defendant was fraudulently joined "is a 'heavy one.'" *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)(quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981)). "If there is even a possibility that a state court would find that the complaint states a cause of action against . . . the resident defendant[], the federal court must find that joinder was proper and remand the case to state court." *Id*. (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993)). When analyzing a claim of fraudulent joinder, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.*

4

Here, Ford and Goodyear ague that there is no possibility the Superior Court of Clay County will find that Plaintiffs have a cause of action against Eddie Christian. Defendants exaggerate the implausibility of Plaintiffs' claim. Plaintiffs' only claim against Eddie is for negligence. To recover for negligence in Georgia, a plaintiff must prove that the defendant breached a duty of care. *Shortnacy v. N. Atlanta Internal Med., P.C.*, 556 S.E.2d 209, 213 (Ga. Ct. App. 2001)("A plaintiff must come forward with specific facts establishing a breach of duty [to recover for negligence]."). Plaintiffs argue that Eddie breached the duty of reasonable care imposed under the common law and breached a duty of care established under Georgia statutory law. Because Plaintiffs have alleged a plausible claim for Eddie's breach of a statutory duty, Eddie was not fraudulently joined, and remand is required.

Under Georgia law, "[a] violation of the Uniform Rules of the Road prima facie establishes negligence per se in the absence of a valid defense." *Harden v. Burdette*, 420 S.E.2d 626, 628 (Ga. Ct. App. 1992)(quoting *Arnold v. Arnold*, 397 S.E.2d 724, 727 (Ga. Ct. App. 1990)). "Once a plaintiff establishes a prima facie case of negligence per se, the 'burden shifts to the defendant to show that the violation was unintentional and in the exercise of ordinary care.'" *Whole Foods Mkt. Grp., Inc. v. Shepard*, 775 S.E.2d 616, 619 (Ga. Ct. App. 2015)(quoting *Harden*, 420 S.E.2d at

5

628). Here, Plaintiffs assert that Eddie violated Georgia's general safe vehicle statute, O.C.G.A. § 40-8-7. This statute prohibits owners of vehicles from "caus[ing] or knowingly permit[ting] to be driven or moved, on any street or highway any vehicle . . . [w]hich is in such unsafe condition as to endanger any person." O.C.G.A. § 40-8-7(b). Plaintiffs assert that by knowingly permitting his grandson to drive his Ford Explorer on the roads without inspecting his spare tire to ensure that it was in good condition, Eddie Christian permitted it to be driven or moved on the streets in an unsafe condition, in violation of the statute.

Ford and Goodyear argue that Plaintiffs cannot establish Eddie Christian violated this statute because Plaintiffs do not assert that Eddie Christian knew his Ford Explorer was in an unsafe condition. They argue that knowledge of a vehicle's defective condition is an essential element of the statute. Georgia substantive law, however, does not clearly establish this requirement. Ford and Goodyear point to no Georgia case law interpreting the statute to require knowledge of a vehicle's defective condition, and the language of the statute does not clearly establish such an element. "Knowingly" in the statute arguably modifies the word "permit," not the word "unsafe." *See, e.g., Coates v. State*, 453 S.E.2d 35, 37 (Ga. Ct. App. 1994) ("[C]rimes relating to equipment and inspection of motor vehicles

6

are violations of strict liability criminal statutes, which means that although the State must prove that the accused intended to do the acts or make the omissions that are prohibited, the State does not have to prove a mental fault."). "It is well-settled that '[s]tate courts have the right to construe their own statutes.'" *Cotton States Mut. Ins. Co. v. Anderson*, 749 F.2d 663, 667 (11th Cir. 1984)(quoting *Bank of Heflin v. Miles*, 621 F.2d 108, 113 (5th Cir. 1980)). Accordingly, the Court "must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538; *see also Florence*, 484 F.3d at 1298-99 (reversing a district court for interpreting a Florida statute to contain a causation requirement that was not in the statute's plain language or Florida case law, noting that "any ambiguity or doubt about the substantive state law favors remand" (quoting *Crowe*, 113 F.3d at 1539)). Therefore, Ford and Goodyear have not met their "heavy burden" of showing fraudulent joinder. *Crowe*, 113 F.3d at 1538.

Ford and Goodyear also argue that the Georgia Court of Appeals in *Almassud v. Mezquital* ruled that a lack of knowledge of a vehicle's defect is a complete defense to an action for negligence per se under O.C.G.A. § 40-8-7. 811 S.E.2d 110 (Ga. Ct. App. 2018). However, *Almassud* established no such rule. In *Almassud*, a plaintiff offered evidence that the defendant violated O.C.G.A. § 40-8-7, among other statutes, at trial, and the

7

defendant offered evidence in rebuttal suggesting that he did not know his car was defective prior to the accident. The Georgia Court of Appeals ruled that the defendant was entitled to a jury instruction explaining that after a plaintiff establishes the defendant violated a statute, the defendant has the burden of producing evidence "to show that the violation was unintentional and in the exercise of ordinary care. Otherwise [the prima facie showing would] be conclusive." *Id*. at 112 (quoting *Williams v. Calhoun*, 333 S.E.2d 408, 411 (Ga. Ct. App. 1985)(alteration in original)). Here, under *Almassud*, Eddie will be able to offer evidence at trial to show that his violation of the statute was unintentional because he was not aware the spare tire was defective, and he will be entitled to a jury instruction on the law. But this does not mean that he will automatically prevail.

Lastly, Ford and Goodyear argue that Eddie did not owe a duty to inspect his vehicle for defects because he was a gratuitous bailor. *See Butler v. Shirah*, 267 S.E.2d 647, 648 (Ga. Ct. App. 1980)(finding that because the defendant gratuitously loaned his neighbor a tractor to use on a farm, he did not owe him a duty to inspect the tractor and discover unknown defects). However, it is unclear that the common law gratuitous bailor rule would supersede an individual's duties under O.C.G.A. § 40-8-7. Ford and Goodyear point to no substantive Georgia law establishing that a defendant's status as a gratuitous bailor eliminates his duty under the

8

statute. The Court must resolve this uncertainty regarding substantive state law in favor of Plaintiffs.

Because Ford and Goodyear have not met their burden of establishing that there is no reasonable possibility Plaintiffs can recover against Eddie Christian, the Court finds that Eddie was not fraudulently joined. Therefore, the Court must remand this action to the Superior Court of Clay County. *See Crowe*, 113 F.3d at 1538 ("When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.").

CONCLUSION

For these reasons, Plaintiffs' motion to remand (ECF No. 9) is granted. The Clerk is directed to remand this action to the Superior Court of Clay County, Georgia.

IT IS SO ORDERED, this 28th day of December, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA